IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| William E. Finley, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | C/A NO. 0:05-1827-CMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Springs Industries, Inc., and Springs of | ) | **GRANTING, IN PART,** |
| Achievement Long Term Disability Plan, | ) | **MOTION TO DISMISS** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendants' motion to dismiss Plaintiff's Second, Third, and Fourth Causes of Action as pled in the amended complaint filed March 15, 2006. Defendants also seek to preclude pursuit of certain forms of relief. This motion is granted in part and denied in part for the reasons set forth below.

MOOTNESS. Plaintiff argues that Defendants' motion is moot because Defendants filed an answer in addition to filing a motion to dismiss. The court disagrees. Clearly this was not the intent of Defendants in filing the Answer which was filed contemporaneously with the motion and which expressly "reserv[ed] all rights under the Motion to Dismiss." While intent alone may not be determinative, the motion and answer are not inconsistent and do not, therefore, require the court to conclude that the answer mooted the motion to dismiss. Moreover, as Plaintiff acknowledges, the court may consider the motion as one for judgment on the pleadings under Rule 12(c).

SECOND CAUSE OF ACTION. Through his second cause of action, Plaintiff seeks "Other Equitable Relief" pursuant to 29 U.S.C. § 1132(a)(3). Specifically, he seeks recovery for consequential damages he alleges resulted from Defendants' denial of long-term disability benefits. The injuries for which he seeks compensation are the sort which typically follow loss of income:

increased interest costs; losses resulting from liquidation of investments; and injury to credit ratings. Amended Complaint ¶ 67 (stating "Plaintiff has [been] required to borrow money, sell investments, partially cash in a life insurance policy and pay interest"). Plaintiff seeks monetary damages for these injuries in addition to the recovery of the unpaid benefits themselves (sought under the first cause of action). *See* Amended Complaint ¶ 68 ("Plaintiff seeks and is entitled to additional equitable relief, including monetary damages, and repair to his credit record").

Plaintiff relies on *Varity v. Howe,* 516 U.S. 498 (1996), in arguing that he may assert a claim for damages beyond recovery of benefits under the Plan. *Varity*, however, dealt with extraordinary circumstances (representations which induced employees to give up plan benefits) unlike those before this court. Moreover, the relief the Court indicated might be allowed was only equitable in nature. The more recent case of *Great-West Life & Annuity Ins. Co. v. Knudsen,* 534 U.S. 204 (2002), which distinguished between restitution as a legal remedy and restitution as an equitable remedy, leaves little doubt that consequential damages of the sort Plaintiff seeks here would not be considered "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3). The court, therefore, dismisses the second cause of action.

THIRD CAUSE OF ACTION. Plaintiff's third cause of action seeks penalties based on Defendants' failure to provide certain documents upon request. Defendants' argument in favor of dismissal rests on factual assertions beyond the complaint and is, therefore, more in the nature of a motion for summary judgment. Even so construed, the court finds sufficient issues of disputed fact to deny the motion. As this is a non-jury matter, the court concludes that it would be best to defer resolution of the legal and factual issues relating to the alleged improper withholding of documents and to consider those issues together with resolution of the merits of the first cause of action.

FOURTH CAUSE OF ACTION. Plaintiff's fourth cause of action is for "Fraud on the Court." Legally, this claim rests on the court's inherent authority to punish misrepresentations, including, presumably, by holding a party in default. Factually, it rests on allegations that, in earlier submissions, Defendants misrepresented the contents of the administrative record. Based on these allegations, Plaintiff seeks "imposition of judgment, punitive damages, and such other and further relief as the Court deems proper." Amended Complaint ¶ 80.

The court does not find these allegations to set forth an independent cause of action. Neither is the court aware of any authority which would support an award of punitive damages under ERISA. The court, therefore, dismisses the Fourth Cause of Action as an independent claim.

This is not to say that the allegations are necessarily irrelevant. Evidence of mishandling of the claim or interference with the normal administrative process might, for instance, be considered in determining whether the denial of benefits constituted an abuse of discretion. Similarly, proof of misrepresentations to the court may support sanctions which might include the striking of one or more defenses. The parties' respective actions may also be considered in determining the propriety of any award of attorneys' fees. Thus, while the court dismisses this claim, it does not preclude introduction of evidence of misrepresentations or the pursuit of appropriate sanctions should misrepresentations be proven.

PROSPECTIVE BENEFITS. Defendants also seek to strike Plaintiff's demand for benefits "calculated through age sixty-five," arguing that the court can only consider the benefits applicable during the first two years of disability. Defendants' argument is supported by the facts that: (1) the the definition of disability changes at the two-year point; and (2) Defendants have never considered whether Plaintiff would satisfy the higher standard applicable after the first two years.

Defendants' arguments have at least superficial appeal. Plaintiff should not, therefore, assume that this court will address benefits beyond the period actually considered by Defendants in response to any earlier application. Consequently, Plaintiff should make appropriate application as (and if) allowed by the Plan. This is not to say that there are no circumstances under which the court might consider the longer period of benefits or that factual findings made in the present action might not be dispositive of some factual or legal matter at issue as to the longer term benefits. These matters simply cannot be decided on the present record.

ATTORNEYS' FEES. The court declines to award fees at the present time, reserving fee issues relating to this motion until the conclusion of the action.

IT IS SO ORDERED.

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 24, 2006

C:\temp\notesB0AA3C\05-1827f inley v springs indus--mo to dismiss.wpd